1  Cynthia L. Fulton, Esq.  SBN 012480
   Fulton Friedman & Gullace LLP
2  2345 E. Thomas Rd., Ste. 460
   Phoenix, Az.  85016
3  (602) 748-4331
   cynthia.fulton@fultonfriedman.com
4  Attorney for Defendants

5

6                  UNITED STATES DISTRICT COURT

7              IN AND FOR THE DISTRICT OF ARIZONA

8

| 9  Jacqueline and Jack Harwood, | Case No.: CV 10-00902 PHX MEA |
|---|---|
| 10            Plaintiffs | **ANSWER** |
| 11  Vs. | |
| 12  Midland Funding, LLC, Midland Credit | |
| 13  Management, Inc. and Jerold Kaplan Law Office, P.C. | |
| 14            Defendants | |

15

16      Defendants, Midland Funding, L.L.C. (hereafter, "Midland Funding"), Midland Credit

17  Management, Inc. (hereafter, "MCM") and Jerold Kaplan Law Office, P.C. (hereafter,

18  "Kaplan"), through counsel, respond to Plaintiffs' Complaint as follows:

19      1.  Defendants deny they attempted to collect on an account that had been paid in full.

20          MCM admits it retained Kaplan to file suit in the Arizona Justice Court, deny forcing

21          Plaintiffs to retain counsel and incur attorney fees, admit the lawsuit was dismissed

22          without prejudice.  Midland Funding and MCM are without knowledge or information

23          sufficient to form a belief as to Plaintiffs attempts to resolve this issue, or the purpose of

24          bringing this lawsuit.  Defendants deny invading Plaintiffs' privacy, and deny that they

25

                                      1

may recover declaratory relief in this action.  All of the foregoing responds to the

allegations contained in paragraph 1 of Plaintiffs' Complaint.

JURISDICTION

2.  Defendants admit jurisdiction pursuant to 15 U.S.C. §1692k(d) ; 15 U.S.C. §1681(p) and

28 U.S.C. §1337, in response to paragraph 2 of Plaintiffs' Complaint.

PARTIES

3.  Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraphs 3, 4 and 5 of Plaintiffs' Complaint, and

thus deny same.

4.  Defendant, Midland Funding, denies the allegations contained in paragraphs 6 and 7 of

Plaintiffs' Complaint.

5.  MCM admits the allegations contained in paragraphs 8, 9, 10, 11 and 12 of Plaintiffs'

Complaint.

6.  Kaplan admits the allegations contained in paragraphs 13, 14, and 15 of Plaintiffs'

Complaint.

7.  Defendants admit the allegations contained in paragraph 16 of Plaintiffs' Complaint.

FACTUAL ALLEGATIONS

8.  Defendants admit the allegations contained in paragraph 17 of Plaintiffs' Complaint.

9.  Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

29, 30, 31, 32, 33,  and 34 of Plaintiffs' Complaint, and thus deny.

10. MCM and Midland admit the allegations contained in paragraphs 35, 36, 37, 38, 39, 40,

and 41 of Plaintiffs' Complaint. Kaplan is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraphs 35, 36, 37, 38, 39, 40 and 41 of Plaintiffs' Complaint, and thus denies same.

11. Defendants admit the allegations contained in paragraphs 42, 43, of Plaintiffs' Complaint.

12. Kaplan denies the allegations contained in paragraph 44 of Plaintiffs' Complaint. Midland and MCM are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Complaint, and thus deny same.

13. Kaplan admits the allegations contained in paragraph 45 of Plaintiffs' Complaint. MCM and Midland are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiffs' Complaint, and thus deny same.

14. Defendants admit the allegations contained in paragraph 46, 47, 48 and 49 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

16. Defendants deny any misrepresentation as well as the alleged materiality made in the affidavit in support of Midland Funding's Complaint, in response to the allegations contained in paragraph 51 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.

18. Midland and MCM are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53, 54, 55, 56, 57, and 58 of Plaintiffs' Complaint, and thus deny.

19. Kaplan admits receipt of the answer and disclosure statement described in paragraphs 53 and 55, and asserts that the content of the documents speaks for itself, all in response to paragraphs 53, 54 and 55 of Plaintiffs' Complaint.

20. Kaplan admits it provided the disclosure statement as alleged in paragraph 56 of Plaintiffs' Complaint, and asserts that the content of the document speaks for itself, all in response to paragraphs 56 and 58 of Plaintiffs' Complaint.

21. Kaplan denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

22. Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

23. Kaplan admits the allegations contained in paragraphs 60, 61, 62, 63, and 64 of Plaintiffs' Complaint.  MCM and Midland are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 60, 61, 62, 63, and 64 of Plaintiffs's Complaint, and thus deny same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiffs' Complaint, and thus deny.

MCM'S CREDIT REPORTING

MR. HARWOOD

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiffs' Complaint, and thus deny.

26. MCM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 67, 68, and 69 of Plaintiffs' Complaint, and thus denies same.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 70 and 71 of Plaintiffs' Complaint, and thus deny same.

28. Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.

29. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73, 74, 75, and 76 of Plaintiffs' Complaint and thus denies same.

MS. HARWOOD

30. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiffs' Complaint and thus denies same.

31. MCM denies the allegations contained in paragraph 78 of Plaintiffs' Complaint.

32. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 79, 80 and 81 of Plaintiffs' Complaint, and thus denies same.

33. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 82, 83 and 84 of Plaintiffs' Complaint, and thus denies same.

34. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of Plaintiffs' Complaint, and thus denies same.

35. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 86 and 87 of Plaintiffs' Complaint, and thus denies same.

36. MCM denies the allegations contained in paragraph 88 of Plaintiffs' Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiffs' Complaint, and thus denies same.

38. Defendants deny the allegations contained in paragraphs 90, 91, 92 of Plaintiffs' Complaint.

COUNT I: VIOLATION OF THE FDCPA

39.  Defendants deny the allegations contained in paragraphs 93, 94, and 95 of Plaintiffs' Complaint.

COUNT II: VIOLATION OF THE FCRA

40. MCM denies the allegations contained in paragraphs 96, 97, 98, 99 and 100 of Plaintiffs' Complaint.

COUNT III: INVASION OF PRIVACY

41. Defendants deny the allegations contained in paragraphs 101, 102, 103, 104, and 105 of Plaintiffs' Complaint.

COUNT IV: DECLARATORY RELIEF

42. Defendants deny the allegations contained in paragraphs 106 and 107 of Plaintiffs' Complaint.

43. As paragraphs 108 and 109 of Plaintiffs' Complaint assert legal conclusions and no allegations are made against the answering Defendants, those paragraphs are denied.

44. All allegations not specifically admitted herein are denied.

As and for their affirmative defenses, Defendants assert:

A.  Bona Fide Error

B.  Failure to state a claim upon which relief may be granted for invasion of privacy and declaratory relief.

C.  Failure to assert venue.

D.  As this matter does not arise from a sum certain, prejudgment interest is not available to Plaintiffs.

E.  Statute of limitations

WHEREFORE, Defendants, and each of them, request this Court enter an Order in their favor dismissing this action and award them their actual costs and reasonable attorney fees on the claims for invasion of privacy and declaratory relief.

Respectfully submitted this 7th day of July, 2010.

Fulton Friedman & Gullace LLP

/s/ Cynthia Fulton
Cynthia L. Fulton
2345 E. Thomas Rd., Ste. 460
Phoenix, Az.  85016
Attorneys for Defendants

CERTIFICATE OF SERVICE

I certify that on the 7th day of  July, 2010 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Hyung S. Choi          hyung@choiandfabian.com
Veronika Fabian        veronica@choiandfabian.com

Choi and Fabian, PLC
1423 S. Higley Rd., Ste. 110
Mesa, Az.  85206
Attorneys for Plaintiff Jacqueline and Jack Harwood

/s/ Cynthia Fulton
Cynthia  Fulton